CORI R. SARNO, ESQ., SB No. 230559
SEAN D. O'DOWD, ESQ., SB No. 296320
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendant COUNTY OF YOLO, erroneously sued herein as YOLO COUNTY SOCIAL SERVICES DEPARTMENT

**PUBLIC ENTITY, FILING FEES WAIVED PURSUANT TO GOV'T CODE §6103**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVY ANDERSON,<br>             Plaintiff,<br><br>     vs.<br><br>YOLO COUNTY SOCIAL SERVICES DEPARTMENT,<br><br>             Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF STATE ACTION (28 U.S.C. § 1441(a))** |

TO THE CLERK OF THE COURT:

　　　PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441(a), Defendant COUNTY OF YOLO, erroneously sued herein as the YOLO COUNTY SOCIAL SERVICES DEPARTMENT hereby removes to this Court the following action:  Superior Court of the State of California, County of Yolo, Case No. CV16-1167, entitled *Ivy Anderson v. Yolo County Social Services Department* originally filed on July 20, 2016.  A copy of the amended complaint, summons and complaint in Case No. CV16-1167 is attached hereto as **Exhibit A**.  Defendants have not yet answered or otherwise responded to the complaint.  No other proceedings have yet occurred therein.  Defendants were served with the complaint on July 20, 2016.  Prior to filing a responsive pleading, an amended complaint containing a cause of action under 42 U.S.C. § 1981

was served on counsel for Defendant on September 15, 2016.

Venue is proper in the Eastern District of the State of California, Sacramento Division, because the state action is venued in Yolo County.  This removal is timely pursuant to section 1446(b) in that the original complaint did not state a claim under Federal law.  The Defendant was first served with copies of the amended complaint, containing a claim under 42 U.S.C. § 1981 on September 15, 2016.

This court has original jurisdiction of this action pursuant to 28 U.S.C.§ 1331 because Plaintiff has asserted a claim that her rights under 42 U.S.C. § 1981 were violated by removing Defendant.  As this action could have originally been filed in Federal Court, removal is proper under 28 U.S.C. §1441(a).  Also the Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a)

Dated:  October 17, 2016                    ANGELO, KILDAY & KILDUFF, LLP

*/s/ Cori R. Sarno*
By:_____
    CORI R. SARNO
    SEAN D. O'DOWD
    Attorneys for Defendant

112719

# EXHIBIT A

Robert C. Bowman, Jr. SBN: 232388
**Law Offices of Bowman & Associates**
*A Professional Law Corporation*
3841 N. Freeway Blvd. #185
Sacramento, CA 95834
Telephone: (916) 923-2800
Facsimile: (916) 923-2828
robert@bowmanandassoc.com

Attorney for Plaintiff,
IVY ANDERSON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF YOLO

| | |
|---|---|
| IVY ANDERSON, <br><br> Plaintiff, <br><br> vs. <br><br> YOLO COUNTY SOCIAL SERVICES DEPARTMENT, <br><br> Defendants. | Case No. CV16-1167 <br><br> **FIRST AMENDED COMPLAINT FOR:** <br> 1. Discrimination on the Basis of Race, <br> 2. Failure to Protect from Racial Discrimination, <br> 3. General Discrimination under 42 U.S.C. 1981. <br><br> [Damages Exceed $25,000] <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, IVY ANDERSON, (hereinafter "Plaintiff") by and through her attorney of record herein, brings this First Amended Complaint against the above-named Defendants and in support thereof alleges as follows:

### JURISDICTION

1. At all times mentioned in this complaint, defendant, YOLO COUNTY SOCIAL SERVICES DEPARTMENT, is and was organized and existing under the laws of the State of California, and doing business in the County of Yolo, State of California.

2. At all times mentioned in this complaint, plaintiff, IVY ANDERSON, was a resident of Yolo County, California.

3. The unlawful conduct complained herein occurred in Yolo County, State of California.

## ADMINISTRATIVE REMEDIES

4. On or about November 24, 2015, Plaintiff duly presented a complaint against Defendant to the California Department of Social Services, Department of Health Care Services ("Department") for the injuries, losses and damage suffered and incurred by her in reason of the herein described occurrences, all with the requirements of section 12948 of the California Government Code. Department found and determined that the claimant has a need for 44:04 hours/minutes of in home health services (IHSS) effective July 16, 2015 opposed to the previous 249.58 hours/minutes claimant was previously receiving. On or about March 30, 2016, Plaintiff received a letter from the Department of Social Services denying Plaintiff's request for rehearing and instructing Plaintiff with the option of seeking judicial review in Superior Court, pursuant to Welfare and Institutions Code §10962 and Code of Civil Procedures §1094.5. On or about June 27, 2016, Plaintiff filed a complaint of discrimination with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code §12900 et seq, followed by an immediate Right to Sue also on or about June 27, 2016, under Government Code §12965.

## FACTUAL BACKGROUND

5. Ms. Anderson is employed by In-Home Supportive Services (IHSS).
6. Ms. Anderson has a son, Daytrail Swan, who is 37 years old.
7. Daytrail Swan has a diagnosis of developmental delay, and lives with his mother, 14 year old sister, and his mother's boyfriend.
8. Ms. Anderson was receiving 249.58 hours/minutes of IHSS a month, including protective supervision.
9. On June 10, 2015, a county social worker conducted a reassessment of Ms. Anderson's IHSS needs.
10. Based on the June 10, 2015 assessment, the county sent Ms. Anderson a Notice of Action dated July 1, 2015, stating IHSS would be changed to 22:30 hours/minutes a month effective July 16, 2015.
11. In or around August 2015, Ms. Anderson filed a Claim and Order to go to Small Claims Court due to her IHSS hours being severely cut.

12. On or around November 2015, Ms. Anderson received notice from the State of California that her case had been scheduled for state hearing on November 24, 2015.

13. On or around December 14, 2015, a decision was issued by the California Department of Social Services, Department of Health Care Services, which found and determined that the claimant has a need for 44:04 hours/minutes of IHSS effective July 16, 2015.

14. Ms. Anderson appealed the decision made by the California Department of Social Services and requested a rehearing.

15. On or around March 30, 2016, the Department of Social Services issued a letter to Ms. Anderson stating her rehearing request was denied; however, Ms. Anderson could seek judicial review in Superior Court, pursuant to Welfare and Institutions Code §10962 and Code of Civil Procedures §1094.5.

16. On or around June 27, 2016, Ms. Anderson filed a Complaint with the Department of Fair Employment and Housing pursuant to the California Fair Employment and Housing Act, Government Code §12900 et seq.

17. On or around June 27, 2016, Ms. Anderson requested an immediate Right to Sue, pursuant to Government Code §12965.

## FIRST CAUSE OF ACTION

### Discrimination

18. As a first, separate and distinct cause of action, Plaintiff complains against Defendant, YOLO COUNTY SOCIAL SERVICES DEPARTMENT, and each of them and for cause of action alleges:

19. Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20. At all times mentioned in this Complaint, the Fair Employment and Housing Act and California Government Codes sections 12940 et seq., were in full force and effect and binding on the Defendants. The FEHA prohibits an employer from taking any adverse action against a protected individual based on his or her: race; religious creed; color; national origin; ancestry; physical or mental disability, medical condition; marital status; sex; sexual orientation; age (if 40 or over); or pregnancy, childbirth or related medical conditions of any female employee. The statements and conduct on the part of the Defendants complained of herein represent a violation of the Fair Employment and

Housing Act, specifically California Government Codes sections 12940 et seq. At all times mentioned in this Complaint, Defendants employed at least five persons and is therefore a covered employer under the California Fair Employment and Housing Act.

21. Yolo County Social Services Department made themselves Plaintiff's employer by not assigning a guardian ad litem for Mr. Swan, as Mr. Swan is incapable of managing Plaintiff as his employee, essentially removing Mr. Swan from the equation.

22. "Employee" is defined under California Labor Code § 3351 as "every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed...." Although an in-home caregiver would typically be considered employed by the recipient receiving the care, given the fact that Mr. Swan is mentally unable to perform the task of hiring, firing, or training a caregiver, and Yolo County Social Services Department made no attempt to provide a guardian to make these decisions for Mr. Swan, Plaintiff should therefore be considered an employee directly for Yolo County Social Services.

23. Plaintiff is a member of a protected class (race) within the meaning of the aforesaid Government Code sections.

24. Defendant dramatically severed Plaintiff's IHSS allowable hours. At the time of this action, Plaintiff was a member of a protected class (race).

25. Plaintiff believes and thereon alleges that her race was a factor in Defendants' actions, including the discrimination as set forth above. Plaintiff was treated differently in regards to workplace policies and procedures because of her race. Such discrimination is in violation of Government Code §12940 et seq. and has resulted in damage and injury to Plaintiff as alleged herein.

26. Following an unexpected home visit by Adult Protective Services, false, derogatory allegations were spoken regarding Plaintiff and her son pertaining to words allegedly spoken by Plaintiff's son.

27. Throughout the visit, the gentlemen from Adult Protective Services was demeaning, unprofessional, and continuously wrote down statements that were never spoken by either Plaintiff or her son, which cast a misleading light on Plaintiff's living situation, such as claiming Plaintiff's son was more independent that he is in actuality, which has been proven, and documented, by a medical professional.

28. As a proximate result of Defendants' conduct, Plaintiff has lost wages, benefits, and other out of pocket expenses. Further, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental anguish.

29. The above described actions were done with malice, fraud, oppression and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendants' future conduct.

30. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

31. WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Negligent Failure to Prevent Retaliation)

32. As a second, separate and distinct cause of action, Plaintiff complains against Defendant, YOLO COUNTY SOCIAL SERVICES DEPARTMENT, and each of them and for cause of action alleges:

33. Plaintiff hereby incorporates by reference Paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. Within three weeks of an unprofessional and invasive home assessment conducted at Plaintiff's home on June 10, 2015, Plaintiff received a Notice of Action dated July 1, 2015, stating IHSS would be dropped to only 22:30 hours/minutes a month effective July 16, 2015.

35. Yolo County Social Services had a duty to protect Plaintiff, as their employee, from being discriminated against, and harmed, while performing job-related duties.

36. Plaintiff was subjected to a home visit during which she was talked to in a condescending manner, repeatedly cut-off from speaking.

37. The individual who performed the home visit falsified statements by claiming Plaintiff's son, Mr. Swan, made statements that he did not actually say.

38. Defendant cut Plaintiff's IHSS allowable hours from 249.58 per month to a mere 22:30 per month after the home visit in which the individual performing the home visit had clear

discriminatory intentions to harm Plaintiff, which is displayed by the false statements and unprofessional behavior.

39. As a proximate result of Defendants' conduct, Plaintiff has lost wages, benefits, and other out of pocket expenses. Further, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental anguish.

40. WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Discrimination Pursuant to 42 USC 1981)

41. As a third, separate and distinct cause of action, Plaintiff complains against Defendant, YOLO COUNTY SOCIAL SERVICES DEPARTMENT, and each of them and for cause of action alleges:

42. Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. In the event Plaintiff were not found to be an employee of Yolo County Social Services Department, Plaintiff alleges general discrimination based on her race.

44. Plaintiff believes and based on that belief alleges that Defendant breached this duty by allowing Adult Protective Services to conduct an in-home visit which clearly violated her right to a fair in-home evaluation.

45. The particular field of in-home care providers is notoriously made-up of African American women, who are typically paid minimum wage and endure racial discrimination due to their lack of financial ability to hold the State accountable in a legal setting, *Woman and Caregiving: Facts and Figures*, https://www.caregiver.org/women-and-caregiving-facts-and-figures (last visited Sep 9, 2016).

46. Plaintiff had already provided evidence of her son's disability, and of her need to care for him. The State sent in an evaluator from Adult Protective Services who dismissed Plaintiff's attempts to speak, falsified documents containing untrue statements that were never made by Mr. Swan, and spoke to Plaintiff in an unprofessional, condescending manner throughout the visit.

47. As a proximate result of Defendant's conduct, Plaintiff has lost wages, benefits and other out of pocket expenses. Further, Plaintiff has suffered and continues to suffer humiliation, emotional distress, pain and anguish.

48. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

49. WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

1. For compensatory damages including lost wages and benefits, loss of good credit, and emotional distress damages according to proof at time of trial;
2. For prejudgment interest at the highest possible rate from the earliest possible date
3. For cost of suit and reasonable attorney's fees herein incurred; and
4. For any other and further relief that the Court considers proper.

**LAW OFFICE OF BOWMAN & ASSOCIATES**

*A Professional Corporation*

Dated: September 12, 2016

By: *[signature]*
Robert C. Bowman, Jr.
Attorney for Plaintiff, Ivy Anderson

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Robert C. Bowman, Jr            232388<br>Law Offices of Bowman & Associates<br>3841 N. Freeway Blvd. Suite 185<br>Sacramento, CA 95834<br>TELEPHONE NO.: 916-923-2800   FAX NO.*(Optional)*: 916-923-2828<br>E-MAIL ADDRESS *(Optional)*: robert@bowmanandassoc.com<br>ATTORNEY FOR *(Name)*: Ivy Anderson | FOR COURT USE ONLY |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Yolo<br>STREET ADDRESS: 1000 Main Street<br>MAILING ADDRESS: Same as Above<br>CITY AND ZIP CODE: Woodland, CA 95695<br>BRANCH NAME: Civil | |
| PETITIONER/PLAINTIFF: Ivy Anderson<br>RESPONDENT/DEFENDANT: Yolo County Social Services Department | |
| **PROOF OF SERVICE BY FIRST-CLASS MAIL - CIVIL** | CASE NUMBER:<br>CV16-1167 |

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.
2. My residence or business address is:
   3841 N. Freeway Blvd. Suite 185
   Sacramento CA 95834

3. On *(date)*: 9/15/16          I mailed from *(city and state)*: Scramento CA
   the following **documents** *(specify)*:
   First Amended Complaint

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail - Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one)*:
   a. ☒ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Cori Sarno
   b. **Address** of person served:
      601 University Ave Suite 150
      Sacramento Ca 95825

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail-Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9/15/2016

Connie Rozier
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)              (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use            **PROOF OF SERVICE BY FIRST-CLASS MAIL - CIVIL**         Code of Civil Procedure, §§ 1013, 1013a
Judicial Council of California                              (Proof of Service)                                 www.courtinfo.ca.gov
POS-030 [New January 1, 2005]

Anderson, Ivy