1  CORI R. SARNO, ESQ., SB No. 230559
      Email: csarno@akk-law.com
2  SEAN D. O'DOWD, ESQ., SB No. 296320
      Email: sodowd@akk-law.com
3  **ANGELO, KILDAY & KILDUFF, LLP**
4  Attorneys at Law
   601 University Avenue, Suite 150
5  Sacramento, CA  95825
   Telephone:  (916) 564-6100
6  Telecopier:  (916) 564-6263

7
   Attorneys for Defendant COUNTY OF YOLO, erroneously sued herein as YOLO COUNTY
8  SOCIAL SERVICES DEPARTMENT

9

10                     **UNITED STATES DISTRICT COURT**

11                     **EASTERN DISTRICT OF CALIFORNIA**

12
                                              ) Case No.: 2:16-cv-02466-WBS-DB
13  IVY ANDERSON,                             )
                                              )
14                 Plaintiff,                 ) **REQUEST FOR JUDICIAL NOTICE IN**
                                              ) **SUPPORT OF DEFENDANT'S MOTION**
15         vs.                                ) **TO DISMISS COMPLAINT PURSUANT**
                                              ) **TO 12(B)(1) AND 12(B)(6)**
16  YOLO COUNTY SOCIAL SERVICES               )
    DEPARTMENT,                               )
17                                            ) **Date: January 9, 2017**
                                              ) **Time: 1:30 P.M.**
18                 Defendants.                ) **Courtroom 5, 14th Floor**
                                              ) **Honorable William B. Shubb**
19  _____)

20         Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of an

21  adjudicative fact which "must be one not subject to reasonable dispute in that it is either (1)

22  generally known . . . (2) or capable of accurate and ready determination by resort to sources

23  whose accuracy cannot reasonably be questioned."  The Court may also take judicial notice of

24  matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

25         Moreover, a court may take judicial notice of "records and reports of administrative

26  bodies."  *Interstate Natural Gas Co. v. Southern Cal. Gas Co.*, 209 F. 2d 380, 385 (9th Cir.

27  1953).   This includes administrative policies and procedures. *Burnham v. Ruan Transp.*, No.

28  SACV 12-0688 AG ANX, 2013 WL 4564496, at *3 (C.D. Cal. Aug. 16, 2013).   Finally, the

1 | court may properly take judicial notice of documents incorporated by reference in the complaint, as well as administrative forms of government agencies. *See Gerritsen v. Warner Bros. Entertainment Inc*., 112 F. Supp. 1011, 1020, 1032 (C.D. Cal. 2015) (taking judicial notice of SEC forms that were publically available).

Pursuant to FRE 201 and the authority cited above Defendant COUNTY OF YOLO requests this Court take judicial notice of the following in considering its motion to dismiss and to strike:

1. The Notice of Action dated July 1, 2015, referenced in Plaintiff Ivy Anderson's (hereinafter "Plaintiff") First Amended Complaint (hereinafter "FAC"), paragraph 10, including the following facts:

   a. the Notice of Action is addressed to Daytrail Swan (hereinafter "Swan"), and that the case name is under his name showing that he is the recipient of the IHSS hours/minutes that were reduced pursuant to the June 10th assessment, not Plaintiff;

   b. On Page 3, the Notice of Action explains that "[a]n assessment of your needs done on 6/102015 found that your condition has changed and/or that you now need less assistance" and also that "you do not need 24-hour supervision to ensure your safety."

   c. The Notice of Action reduced Swan's IHSS hours from 249.58 per month to 22.30;

(A true and correct copy of the Notice of Action dated July 1, 2015 is attached as **Exhibit 1** to the Declaration of Sean D. O'Dowd, filed herewith)

2. The decision issued by the State of California CDSS State Hearings Division on December 15, 2015, as referenced in paragraph 13 of the FAC, including the following facts:

   a. Swan is listed as the claimant for hearing number 2015237304, while Plaintiff is listed as Swan's "Authorized Representative";

   b. Swan, through Anderson, contested the Department's determinations and requested a state hearing;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    c. The hearing was held on November 24, 2015 before Administrative Law Judge Mark Hammond (hereinafter "ALJ");

    d. On December 16, 2015, nearly a month after the hearing, the ALJ issued a written decision;

    e. The ALJ wrote that the social worker who performed Swan's June 10th assessment made the determination that Swan was self-directing, aware of his surroundings, and knows what behaviors are right from wrong;

    f. also noted that the social worker testified that she relied on All County Letter 15-25 making her determination;

    g. The social worker offered evidence at the hearing that Swan was able to assess danger and risk of harm, and that his behavior does not put him at risk of self-harm;

    h. The ALJ also received evidence from the County that All County Letter 15-25 came out after the prior assessments authorizing protective supervision for Swan;

    i. The County advised the ALJ that, based on the social worker's assessment, and using the information in All County Letter 15-25, it determined Swan was no longer eligible for protective supervision;

    j. In regards to daily living needs, which included personal care such as meals, dressing, and other services, the ALJ stated that he would give the benefit of the doubt to Anderson, and reinstated 21:35 of Swan's IHSS hours/minutes;

    k. The ALJ found that "[t]he evidence demonstrates the claimant has an awareness that is inconsistent with the protective supervision requirement that the individual be non-self-directing to the point of being unable [to] assess his condition and potential danger and risk of harm, and therefore likely to engage in potentially dangerous activities that may cause self-harm."

    l. Specifically, the ALJ stated that Anderson's own testimony indicated that Swan was not a danger to himself or to others as Anderson and Johnson had testified that their real concern was that Swan would be talked into doing something that

1  would land him in jail when he is out in the community, not that he posed a risk
2  of harm to himself in the home;

3  (A true and correct copy of the decision issued by the State of California CDSS State
4  Hearings Division on December 15, 2015 is attached as **Exhibit 2** to the Declaration of Sean D.
5  O'Dowd, filed herewith)

6  3. Request for Rehearing by Plaintiff sent on January 8, 2016, as referenced in
7  paragraph 14 of the FAC;

8  (A true and correct copy of the Request for Rehearing by Plaintiff sent on January 8,
9  2016 is attached as **Exhibit 3** to the Declaration of Sean D. O'Dowd, filed herewith)

10  4. Correspondence sent to Plaintiff by the Department of Social Services on March
11  30, 2016, as referenced in paragraph 15 of the FAC;

12  (A true and correct copy of the Correspondence sent to Plaintiff by the Department of
13  Social Services on March 30, 2016 is attached as **Exhibit 4** to the Declaration of Sean D.
14  O'Dowd, filed herewith)

15  5. In-Home Supportive Services Provider Notification addressed to Plaintiff and
16  listing her as the provider for Swan;

17  (A true and correct copy of the In-Home Supportive Services Provider Notification
18  addressed to Plaintiff and listing her as the provider for Swan is attached as **Exhibit 5** to the
19  Declaration of Sean D. O'Dowd, filed herewith)

20  6. Form SOC 332, including the following facts:
21  a. SOC 332 was signed by Plaintiff on behalf of Swan on June 10, 2015;
22  b. SOC 332 form that IHSS recipients sign to ensure that they "have been advised of
23  and understand their basic responsibilities as employers of IHSS providers."
24  c. SOC 332 states that it is the IHSS beneficiary's responsibility to "[f]ind, hire,
25  train, supervise, and fire the provider I employ."
26  d. SOC 332 states the beneficiary is to "[c]omply with laws and regulations relating
27  to wages/hours/working conditions …", as well as "[e]nsure standards of
28  compensation, work scheduling and working conditions for [his or her] provider."

(A true and correct copy of the signed Form SOC 332 is attached as **Exhibit 6** to the Declaration of Sean D. O'Dowd, filed herewith)

7. California Department of Social Services Manual of Policies and Procedures, and specifically, section 30-701(e)(1)-(2), which defines the "employee" as the provider, and the "employer" as recipient "when [IHSS] services are purchased [from an individual]";

(A true and correct copy of section 30-701(e)(1)-(2) of the California Department of Social Services Manual of Policies and Procedures is attached as **Exhibit 7** to the Declaration of Sean D. O'Dowd, filed herewith)

8. Yolo County In-Home Supportive Services Provider Handbook, which states on the "Introduction" page:

> The recipient of the IHSS program is the person who is eligible for the service, and is the employer of the provider. … the provider of the IHSS service is the person hired to perform the authorized tasks for the recipient, and may be referred to as the employee.

(A true and correct copy of the Yolo County In-Home Supportive Services Provider Handbook, signed by both Anderson and Swan, is attached as **Exhibit 8** to the Declaration of Sean D. O'Dowd, filed herewith)

9. All County Letter 15-25, issued on March 19, 2015 by the State of California Department of Social Services, including the following facts:

   a. the letter clarifies that non-self-direction, which is required to receive protective supervision, is the inability to assess danger and risk of harm, and;

   b. the letter was issued within three months of the June 10, 2015 assessment of Swan.

(A true and correct copy of All County Letter 15-25 is attached as **Exhibit 9** to the Declaration of Sean D. O'Dowd, filed herewith)

10. Yolo County Form YC300-A(1/06) entitled "IN-HOME SUPPORTIVE SERVICES PROGRAM STATEMENT OF RECEIPT AND UNDERSTANDING" signed by both Anderson and Swan, indicating they had "received, read and agree to abide by the rules and regulations as stated in the Yolo County In-Home Supportive Services Handbook … ."

1   (A true and correct copy of Yolo County Form YC300-A(1/06) is attached as **Exhibit 10**
2   to the Declaration of Sean D. O'Dowd, filed herewith).

Dated: October 21, 2016                     ANGELO, KILDAY & KILDUFF, LLP

                                            */s/ Sean D. O'Dowd*
                                            By:_____
                                               CORI R. SARNO
                                               SEAN D. O'DOWD
                                               Attorneys for Defendant

113623